UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAMS POTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 2050 |
| | ) | |
| VILLAGE OF FOREST PARK, | ) | |
| JASON KEELING and NICK DeFORS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Village of Forest Park, Jason Keeling, and Nick DeFors to dismiss Counts IV, V, and VI of the complaint of Plaintiff Jeams Potts pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations contained within the complaint, which we must take as true for purposes of this motion, on or about October 18, 2005, Potts was walking late at night in Forest Park with some of his friends. Keeling, a Forest Park police officer, arrested Potts and put him in handcuffs for no reason. DeFors then arrived on

the scene and threatened Potts with a tazer. Keeling proceeded to hit Potts's head against the trunk of his police car several times and then threw him into the car and took him to the station.

When they arrived, Keeling dragged Potts out of the car by his shirt and threw him on the ground. Keeling kicked Potts in the head numerous times before hauling him into the police station, where he threw Potts into a file cabinet and against a wall. At some point Potts fell to the ground, whereupon Keeling kicked him again several times and stepped on his neck. Thereafter, Keeling picked Potts up by the handcuffs before putting him in a jail cell.

Keeling and DeFors subsequently charged Potts with resisting a peace officer and obstructing a peace officer. He was later acquitted of those charges.

On April 13, 2007, Potts filed suit in this court, alleging violations of 42 U.S.C. § 1983 for unreasonable seizure and excessive force by Keeling and DeFors as well as state law claims for malicious prosecution and intentional infliction of emotional distress against them. The complaint also contains counts pertaining to the Village: a *Monell* claim, a claim of *respondeat superior* liability for the officers' actions underlying the state claims, and a claim for indemnification. Defendants now collectively move to dismiss three of the state law claims pursuant to Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Moreover, if a plaintiff alleges

facts within a complaint that defeat an essential element of a claim, the complaint can be dismissed under Rule 12(b)(6). *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

With these principles in mind, we consider the instant motion.

## DISCUSSION

Defendants' motion seeks dismissal of three of the seven counts of the complaint. Count IV alleges that Keeling and DeFors maliciously prosecuted Potts by bringing the criminal charges of which he was eventually acquitted. Count V asserts that Keeling and DeFors intentionally inflicted emotional distress in Potts during the arrest. Count VI claims that the Village of Forest Park is vicariously liable for the tortious behavior of its agents through the doctrine of *respondeat superior*.

**A. Count IV: Malicious Prosecution**

Defendants first assert that Count IV does not contain allegations of all of the essential elements of malicious prosecution and therefore must be dismissed. A properly pled claim for malicious prosecution alleges that the defendant maliciously commenced or continued an original criminal or civil proceeding without probable cause against the plaintiff, that the proceeding terminated in the plaintiff's favor, and that the plaintiff was damaged thereby. *See Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 319 (Ill. Ct. App. 2006). Defendants contend that Potts's complaint is deficient

because it says that Keeling and DeFors "instituted charges" against him rather than alleging that the officers "commenced a criminal proceeding."

Defendants insist that *Meerbrey v. Marshall Field & Co., Inc.*, an Illinois Supreme Court case, supports their argument. 564 N.E.2d 1222 (Ill. 1990). In *Meerbrey*, the Court considered the viability of a claim of malicious prosecution brought by Kenneth Meerbrey. Meerbrey was an employee of Marshall Field ("Field's") who was detained at the store where he worked by a security guard who also worked for Field's. *Id.* at 1224. A third employee, acting on behalf of Field's, filed a criminal complaint against Meerbrey for criminal trespass in connection with the detention. *Id.* Meerbrey was tried for and acquitted of the criminal charges. *Id.* at 1225. Thereafter, he sued Field's and the security guard for malicious prosecution. *Id.* The Illinois Supreme Court concluded that Meerbrey could not bring a claim for malicious prosecution against the guard because Field's commenced criminal proceedings against him through the third employee, not through the guard. *Id.* at 1231. Thus, the court's decision was based on the fact that the guard was not the person who filed the charges, as opposed to the manner in which the criminal charges were brought. *Id.* Consequently, *Meerbrey* does not contradict the common sense conclusion that instituting criminal charges against a person commences an original criminal proceeding. Defendants' contention that the complaint does not contain

allegations of all of the essential elements of a claim for malicious prosecution is therefore without merit.

Defendants' second challenge to Count IV consists of a contention that it must be dismissed as untimely in light of the one-year statute of limitations applicable to torts filed against local entities or their employees. 745 ILCS 10/8-101. In Defendants' view, the malicious prosecution claim accrued in October 2005 when the arrest occurred, not when Potts was acquitted of the charges. However, Illinois Supreme Court precedent clearly states that a claim for malicious prosecution does not accrue until the proceeding in question is terminated in the plaintiff's favor. *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). It is not apparent from the face of the complaint that Potts was acquitted before April 13, 2006, one year prior to the filing of the instant suit. Accordingly, the affirmative defense that the statute of limitations had run before Potts filed suit is not definitively established on the face of the complaint, so the motion to dismiss Count IV is denied. *Walker*, 288 F.3d at 1009-10.

**B. Count V: Intentional Infliction of Emotional Distress**

With regard to Potts's claim of intentional infliction of emotional distress, Defendants again launch two attacks. The first avers that the claim accrued on the date of the arrest, so it was untimely filed. Count V, which begins at ¶ 43 of the complaint,

begins by realleging the facts first set out in ¶¶ 1-28. Those facts solely pertain to the arrest and the officers' alleged conduct at the police station. The remainder of Count V sets out the terms of art comprising the elements of a cause of action for intentional infliction of emotional distress. Notably missing from the contents of Count V is any reference to the allegations contained in ¶¶ 39-42, which set out the foundation for the malicious prosecution claim.

Despite the omission of the components of the malicious prosecution claim from the allegations pertaining to the intentional infliction of emotional distress claim, Potts contends that the motion to dismiss this count should be denied because the officers' actions in connection with the criminal case form part of his claim for emotional distress, making the date of his acquittal the date that the cause of action accrued. Potts is correct that the start of the limitations period could be that late for a claim of this type. The Illinois Supreme Court has clearly established that a claim of intentional infliction of emotional distress, if it is the result of a pattern or continuing course of behavior, does not accrue until the final unlawful act within the pattern or course takes place. *See Feltmeier v. Feltmeier*, 798 N.E.2d 75, 86, 88 (2003). However, as currently written, Count V specifies that it includes only the events of October 18, 2005, set out in ¶¶ 8-28 of the complaint. Because those events in isolation are too old to support a viable claim for emotional distress, we will dismiss Count V as written.

Because the deficiency appears to result from a drafting error, the dismissal will be without prejudice. Potts is given leave to amend Count V if he can do so consistent with his obligations under Rule 11; if he does not amend on or before September 17, 2007, prejudice will attach to the dismissal.

The second argument takes aim at a claim for punitive damages in this count. In his response, Potts agrees that the claim is not supportable and should be dismissed. Accordingly, we will dismiss that portion of Count V with prejudice.

## C. Count VI: Respondeat Superior

Count VI states only that the Village, "as principal, is liable for its agents' actions." Defendants moved to dismiss this count in its entirety on the assumption that Counts IV and V were not legally cognizable. In light of our conclusion that Count IV is cognizable, Count VI survives as well. Its eventual scope, dependent as it is on whether Potts files an amended Count V, is a question for another time. For purposes of the current motion, however, that count states a claim upon which relief can be granted. Consequently, the motion to dismiss it is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted with prejudice as to the punitive damages claim of Count V, without prejudice as to the remainder of Count V, and otherwise denied. Potts is afforded leave to file an amended

Count V on or before September 17, 2007 consistent with the contents of this opinion. If he does not do so by that time, the dismissal will be with prejudice.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:     September 7, 2007